UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY HAWKINS,

Plaintiff,

v.

CITY OF SAGINAW, STEVEN LAUTNER, NATASHA McNAB, ISAAC HEINZ, and REBECCA HEINZ,

Defendants.

_____________________________________________/

Case Number 26-10213
Honorable David M. Lawson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER SUSTAINING DEFENDANTS' OBJECTIONS, REJECTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO REMAND, REINSTATING DEFENDANTS' MOTION TO DISMISS, AND CONTINUING REFERRAL**

Plaintiff Stacy Hawkins filed a lawsuit in a Michigan state court alleging claims against the City of Saginaw and some of its police officers stemming from the arrest of Hawkins's then girlfriend. After litigation in state court, Hawkins was allowed to amend his complaint to add federal claims. Following the amendment, the defendants removed the case to this Court. The Court referred the case to Magistrate Judge Patricia T. Morris for pretrial management. Thereafter, the plaintiff filed a motion to remand the case to state court and the defendants filed a motion to dismiss. Judge Morris issued a report on April 16, 2026 recommending that the Court grant the motion to remand and deny the motion to dismiss as moot. The defendants filed timely objections to the report and recommendation, and the matter is now before the Court. Because the magistrate judge concluded incorrectly that the removal was untimely, the Court will reject the recommendation, deny the motion to remand, reinstate the motion to dismiss, and continue the reference to the magistrate judge.

I.

According to 28 U.S.C. § 1446(b)(3), a defendant may remove a state court case to federal court, when the case initially was not removable, by filing a removal notice "within 30 days after" it receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The questions presented by the plaintiff's motion to remand is when that 30-day period began to run on the plaintiff's amended complaint filed in state court (that is, when it was known that the case "bec[a]me removable," *ibid.*), and whether the defendants filed their removal notice within the allowable timeframe.

This case began in September 2024, when the plaintiff filed a complaint without the assistance of an attorney in the Saginaw County, Michigan circuit court. The complaint asserted four claims against the City of Saginaw and certain police officers under the Michigan state constitution. The first two claims arose out of the arrest and prosecution of his then-girlfriend (now wife) Patricia McQueen. The other two claims involved a separate incident in which two police officers stopped the plaintiff as he was pulling out of a Dollar General parking lot.

Much of the pre-removal proceedings are summarized in a Michigan Court of Appeals opinion. *See Hawkins v. City of Saginaw*, No. 374361, 2025 WL 3637629 (Mich. Ct. App. Dec. 15, 2025). On October 29, 2024, the defendants moved to dismiss the plaintiff's complaint in state court, arguing that the plaintiff lacked standing to pursue his claims and that he was not entitled to money damages. In his response filed on November 6, 2024, the plaintiff proposed to amend his complaint. The proposed amended complaint, attached to the response, was "essentially identical to his initial complaint," *id.* at *3, except that it now sought relief under 42 U.S.C. § 1983 and included additional details related to a bail-bond payment he made on behalf of McQueen. The

defendants argued in a reply brief that amendment was futile because the plaintiff lacked standing, the amended complaint would fail to state a claim under section 1983, and the defendants were entitled to qualified immunity. The defendants' counsel made similar arguments at a hearing on the motion. The state court granted the motion to dismiss, finding that the plaintiff lacked standing, and it denied his request to amend the complaint as futile.

The Michigan Court of Appeals reversed in part and remanded. Although the appellate court agreed that plaintiff lacked standing to challenge the police's treatment of McQueen, it found that the trial court had erred by failing to consider the merits of the plaintiff's claims arising out of the alleged traffic stop. *Hawkins*, 2025 WL 3637629 at *6-8.

On December 19, 2025, following the remand, the state trial court entered an order permitting the plaintiff to amend his complaint. The order stated:

> After further review of the Court of Appeals' Opinion of December 15, 2025, the Court hereby cancels the summary disposition hearing set for January 26, 2026. The Court of Appeals considered in its Opinion the Plaintiff's proposed Amended Complaint against Defendants, which contains a claim pursuant to 42 USC § 1983. Therefore, Plaintiff will be granted leave to file his Amended Complaint with the Court and must do so within the next fourteen (14) days. Plaintiff is advised that the Amended Complaint must be identical to the proposed Amended Complaint that was reviewed by the Court of Appeals.

ECF No. 13-2, PageID.711. The plaintiff filed an amended complaint on January 9, 2026 that was *not* identical to his previous proposal; it pleaded four counts under 42 U.S.C. § 1983. ECF No. 1-9. The defendants assert that the new amended complaint failed to comply with the state court's order because (1) it was filed more than 14 days after December 19, 2025, and (2) it materially differed from the version of the complaint the Michigan Court of Appeals considered. ECF No. 22, PageID.788. But the defendants apparently did not see fit to litigate the propriety of the amendment further in state court, as they instead filed a notice of removal to this Court on January

21, 2026. ECF No. 1. No party suggests that the alleged infirmities in the plaintiff's amendment procedure affect the result of the pending motions.

Once in Federal Court, the defendants moved to dismiss the complaint under Civil Rule 12(b)(6). ECF No. 7. The plaintiff moved to remand the case to state court on February 17, 2026. ECF No. 11. He argued that the defendants' removal was untimely because they first learned of his federal claims in November 2024. *Ibid.* In the alternative, he asked that the Court abstain from considering the case under *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496 (1941), because the case presented unsettled questions of state law, and he relatedly argued that the removal was improper because the defendants were attempting to evade state supreme court review of the issues presented in the case. *Ibid.*

On April 16, 2026, Magistrate Judge Morris issued a report determining that the motion for remand was controlled by 28 U.S.C. § 1446(b)(3), which is set out above. ECF No. 21, PageID.776. Construing the language about ascertaining removability, she cited a recent Sixth Circuit opinion stating that to "ascertain that a case is removable does not mean to learn with certainty that there is federal jurisdiction," but rather "to learn with certainty that there are good-faith grounds on which to argue for federal jurisdiction," a standard "akin to actual notice." *Id.* at PageID.777 (quoting *Nessel ex rel. Mich. v. Enbridge Energy, LP*, 104 F.4th 958, 968 (6th Cir. 2024), *aff'd* 608 U.S. 67 (2026)). She found that the defendants "had actual notice and could ascertain that th[e] case was removable because of Plaintiff's asserted federal claims" when they received a copy of the plaintiff's proposed amended complaint in November 2024. *Id.* at PageID.778-79. She reasoned that the 30-day removal window had closed long before the defendants filed their notice of removal in January 2026, and therefore she recommended that the court grant the plaintiff's motion to remand and deny the defendants' motion to dismiss as moot.

The defendants assert four objections to the report and recommendation, to which the plaintiff responded. First, and most convincingly, they cite *Freeman v. Blue Ridge Paper Prods., Inc.*, in which the court of appeals held under similar facts that the removal clock begins only upon the "actual and effective amendment of the complaint[.]" 551 F.3d 405, 409-10 (6th Cir. 2008). From that authority they reason that the removal clock could not have begun in this case until the plaintiff amended his complaint with permission of the court, which did not happen until January 9, 2026, rendering their January 21, 2026 removal timely. Their other three objections flow from the first. They assert that they did not have actual notice that the case was removable in November 2024 because the complaint had not yet been amended and the case was not actually removable. They also contend that the standard applied by the magistrate judge would require litigants to file notices of removal before a basis for federal jurisdiction exists. Finally, they assert that Judge Morris wrongly concluded that the motion to dismiss was moot because she based that conclusion on the erroneous determination that the case should be remanded.

The plaintiff pushes back, citing *Holston v. Carolina Freight Carriers Corp.* for the proposition that the November 2024 proposed amended complaint started the removal clock because the proposed pleading gave them "solid and unambiguous information that the case [was] removable." 936 F.2d 573, 1991 WL 112809, at *3 (6th Cir. 1991) (table). He also says that the defendants had actual notice of the federal claims because they acknowledged them during a hearing on their dispositive motion in state court; he asserts, relatedly, that the hearing transcript qualifies as a kind of "other paper" contemplated by 28 U.S.C. § 1446(b)(3) from which it could be determined the case was removable. He also says that under *Holston*, the removal clock starts when a defendant becomes aware that the case could be removable, even if it is not yet actually removable.

II.

When a party files timely objections to a report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition that has been properly objected to") (emphasis added); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

A.

The first objection is dispositive of the motion to remand.

As a general rule, a plaintiff is the master of his complaint, and he has the right to choose the law he will rely upon and the forum in which he will file it. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citing *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir. 1994)) ("Since the plaintiff is the 'master of his complaint,' the fact that a claim could be stated under federal law does not prevent him from stating it under state law only."). Consequently, "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). One basis for removal is found in 28 U.S.C. § 1441, where Congress authorized removal if a civil action "brought in a State court" is one over "which the district courts of the United States have original jurisdiction."

*Enbridge Energy, LP v. Nessel ex rel. Mich.*, 608 U.S. 67, ---, 146 S. Ct. 1074, 1079 (2026) (quoting 28 U.S.C. § 1441(a)).

The procedure for removing a case to federal court is found in 28 U.S.C. § 1446, which "states that a notice of removal 'shall be filed within 30 days' of the defendant's receipt of the complaint or summons." *Nessel*, 104 F.4th at 964 (quoting 28 U.S.C. § 1446(b)(1)). The statute allows for a new 30-day clock to start, however, if a case that initially was not removable becomes so. *See* 28 U.S.C. § 1446(b)(3). A defendant seeking to remove a case under section 1446(b)(3) therefore must show that (1) the original pleading did not provide a basis for removal, (2) something changed later that made the case removable, and (3) the defendant filed a notice of removal within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." *Id.* at 965 (quoting 28 U.S.C. § 1446(b)(3)). It is undisputed that the plaintiff's original complaint included no federal claims, and his subsequent amended complaints — either the version he proposed before the state court of appeals or the version he filed on remand — asserted federal claims under 42 U.S.C. § 1983. Only the third part of the test was the focus of the report and recommendation.

The plaintiff contends, and the magistrate judge held, that knowledge that a federal claim was looming when the amendment was proposed in state court, such that the date of the proposed amendment was when the defendants "first [could] ascertain[] that the case [became] removable." 28 U.S.C. § 1446(b)(3). The magistrate judge relied on a statement in *Nessel* that a case becomes removable once the defendant "learn[s] with certainty that there are good-faith grounds on which to argue for federal jurisdiction." ECF No. 21, PageID.777 (quoting *Nessel*, 104 F.4th at 968)). But the magistrate judge's conclusion is not supported by the plain text of the removal statue.

Recall that a state court case cannot be removed unless it is one over "which the district courts of the United States have original jurisdiction." *Enbridge Energy*, 146 S. Ct. at 1079 (quoting 28 U.S.C. § 1441(a)). And "[a] claim falls within [a federal] court's original jurisdiction under 28 U.S.C. § 1331 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Eastman*, 438 F.3d at 550 (first alteration added) (quoting *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. V. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983))); *see also Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir. 2003) ("[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000))). Until the plaintiff filed his amended complaint in state court on January 9, 2006, there was no well-pleaded complaint that supported federal jurisdiction and the case was not removable.

The Sixth Circuit applied similar reasoning in *Freeman*, 551 F.3d 405, which presented a similar fact pattern. There, the plaintiffs moved to amend their complaint in state court on September 13, 2007. *Id.* at 407. The state court granted the motion in a written order dated February 1, 2008, and the defendant removed the case to federal court on February 4, 2008, alleging that the complaint as amended made the case removable. *Ibid.* The district court found that the removal was untimely because the defendant "should have removed the case within thirty days of September 13, 2007, when plaintiffs filed their motion to amend their complaint." *Ibid.* The Sixth Circuit reversed, holding that time for removal did not begin running when the plaintiff moved to amend. *Id.* at 409. Rather, "the better view in a case like this one is that the time limit

[for removal] begins to run from the actual and effective amendment of the complaint." *Id.* at 409-10 (citation omitted). Since "[t]he complaint was amended only upon issuance of the written order," the removal clock began on February 1, 2008, and the defendant's removal a few days later was timely. *Id.* at 410.

*Freeman* makes clear that "actual and effective amendment" of the complaint, rather than a *proposed* amendment, starts the removal clock under 28 U.S.C. § 1446(b)(3). *Freeman*, 551 F.3d at 409-10. The defendants were not obligated to file a notice of removal based on the proposed amended complaint that was attached to the plaintiff's response to their motion to dismiss. Nor could they have filed a removal notice then, since the case was not yet removable.

There is language in *Freeman* that suggests that the complaint in that case was effectively amended when the trial court entered the order allowing the amendment. *Id.* at 410 ("The complaint was amended only upon issuance of the written order."). If that were the holding of the case, the defendants' removal notice would not have been timely here because the state court's order permitting the filing of the amended complaint was entered on December 19, 2025 and the removal notice was not filed until January 21, 2026. However, that language in *Freeman* is *dictum*, inasmuch as the removal notice in that case was filed within 30 days of the entry of the order *and* the filing of the amended complaint. Moreover, the *Freeman* court made clear that the actual filing of the amended complaint is a more sensible trigger, since "removal automatically places the case into federal court," and "removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed." *Id.* at 410 (citing *Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal.")).

For similar reasons, the plaintiff's reliance on *Holston*, 936 F.2d 573, 1991 WL 112809, is misplaced. That unpublished case held that the 30-day removal clock begins running once "a defendant has solid and unambiguous information that the case is removable . . . ." *Id.* at *3. But the defendants here did not have "solid and unambiguous information that the case [was] removable," *ibid.*, before January 2026 because the operative complaint did not yet include any federal claims.

The plaintiff offers an alternative basis for adopting the report and recommendation. Although the magistrate judge relied on the proposed amended complaint as the "pleading" or "other paper" from which the defendants should have "ascertained" the existence of federal jurisdiction, *see* 28 U.S.C. § 1446(b)(3), the plaintiff also suggests that the defendants' arguments at a hearing on their state-court dispositive motion — in which their attorney referenced the putative claims — started the removal clock because the transcript of that hearing was a form of "paper" giving notice of the federal claims. The Sixth Circuit has recognized that oral statements subsequently reduced to a written transcript, such as statements in hearings or answers to deposition questions, are within the meaning of "other paper" under 28 U.S.C. § 1446(b)(3). *See Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 365-66 (6th Cir. 2015). In *Berera*, the court held that the removal clock began to run after the plaintiff's counsel made statements in a hearing indicating that a complaint's state-law claims for unpaid wages were, in reality, federal claims seeking a refund of FICA taxes. *Id.* at 358, 365-66. However, unlike in *Berera*, the in-hearing statements in this case did not reveal that the state-law claims in the plaintiff's *existing* complaint presented a federal question. Rather, the defendants here argued in a hearing that a *proposed* amendment to *add* federal claims would be futile. The defendants' discussion of possible federal

claims did not render the case removable because the claims were not part of the operative complaint yet.

In this case, a state court order contemplated that the plaintiff would file the amended complaint once the order was entered. ECF No. 13-2, PageID.711. The amendment became effective once the plaintiff filed an amended complaint pursuant to the state court's order on January 10, 2026. *See Stuart v. Vill. Of New Haven*, No. 09-CV-14128, 2009 WL 4065039, at *2 n.4 (E.D. Mich. Nov. 24, 2009) (finding that state-court complaint was actually and effectively amended under *Freeman* once it was filed pursuant to order granting leave to amend). The notice of removal filed on January 21, 2026, ECF No. 1, was timely under 28 U.S.C. § 1446(b)(3). The motion to remand will be denied.

The plaintiff's motion to remand also raised an alternative request that the Court abstain from considering the case under *Pullman*, 312 U.S. 496, and a related argument that the removal was motivated by the defendants' desire to avoid state supreme court review of the plaintiff's claims. Neither issue was addressed by the magistrate judge in her report and recommendation or by the parties in their objections or responses. It is unnecessary to address the argument about the defendants' motivations because "[the d]efendants' reason for removal is irrelevant." *Taylor v. Currie*, 386 F. Supp. 2d 929, 932 n.4 (E.D. Mich. 2005) (citing *White v. Wellington*, 627 F.2d 582, 586 (2d Cir.1980) ("[T]he right to remove is statutory, jurisdictional and absolute, regardless of motivation, when it is found to exist.")). If the plaintiff still wants to argue in favor of abstention, he may do so before the magistrate judge.

B.

The magistrate judge did not reach the merits of the motion to dismiss because she recommended that the motion to remand be granted. The parties do not address the merits of the

motion to dismiss in their briefing on the defendants' objections, either. Because the motion to remand will be denied, the motion to dismiss will be referred to the magistrate judge under the continued full case reference order for a ruling on the merits.

III.

The defendants' removal notice was filed within 30 days of the date that it could be ascertained that the case became removable, and therefore it was timely under 28 U.S.C. § 1446(b)(3). The Court, therefore, must reject the magistrate judge's recommendation to grant the motion to remand the case to state court on the basis of an untimely removal notice.

Accordingly, it is **ORDERED** that the defendants' objections (ECF No. 22) to the Report and Recommendation (ECF No. 21) are **SUSTAINED**, and the Report and Recommendation is **REJECTED**.

It is further **ORDERED** that the plaintiff's motion to remand (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the referral of the matter to the assigned magistrate judge is **CONTINUED** under the previous order of reference (ECF No. 8), and the magistrate judge shall address the defendants' motion to dismiss (ECF No. 7) on the merits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 16, 2026